**ZHANG FEI XIE, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney**

General,* Respondent.

No. 08–0812–ag.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2009.

Henry N. Diaz, West Hempstead, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Ernesto H. Molina Jr., Assistant Director; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation,

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhang Fei Xie, a native and citizen of the People's Republic of China, seeks review of a February 6, 2008 order of the BIA denying his motion to reopen. *In re Zhang Fei Xie,* No. A076 705 410 (B.I.A. Feb. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not abuse its discretion in denying Xie's untimely motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-

Attorney General Michael B. Mukasey as respondent in this case.

cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Xie's argument, the BIA reasonably questioned the reliability of his evidence in light of the adverse credibility determination that was made in his underlying proceedings. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–48 (2d Cir.2007) (holding that the BIA did not abuse its discretion in denying a motion to reopen supported by allegedly unavailable evidence regarding changed country conditions where there had been a previous adverse credibility finding in the underlying asylum hearing).

Because the BIA reasonably found that Xie failed to demonstrate a material change in country conditions, and such failure provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Xie's motion to reopen. *See Wei Guang Wang,* 437 F.3d at 273; *Jian Hui Shao,* 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).